UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAY P. L. DRESSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 1:18-cv-00425-JDL |
| DOROTHEA DIX BEHAVIORAL | ) |
| PSYCHIATRIC HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge, John C. Nivison, filed his Recommended Decision (ECF No. 8) on January 2, 2019, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2019), recommending that Dresser's complaint be dismissed for failure to prosecute, failure to comply with the Court's orders, and failure to inform the Court of his contact information. The time within which to file objections expired on January 23, 2019, and no objections have been filed. The Magistrate Judge notified the Plaintiff that failure to object would waive his right to *de novo* review and appeal.

In addition to recommending dismissal, the Magistrate Judge recommended that the Court inform Dresser that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993). As noted in the Magistrate Judge's Recommended Decision, this Court has previously dismissed three complaints filed by Dresser. ECF No. 8 at 1 & n.1. Those dismissals were based on his failure to prosecute and to comply with this Court's orders, *see* R. & R. at 2, *Dresser v. AT&T, et al.*, No. 1:18-cv-00248-JDL (D. Me. 2018), ECF No.

6, failure to assert a claim within this Court's subject matter jurisdiction, *see* R. & R. at 3-4, *Dresser v. Mun. Review Comm., Inc., et al.*, No. 1:18-cv-00172-DBH (D. Me. 2018), ECF No. 15, and failure to state an actionable claim, *see* R. & R. at 4-5, *Dresser v. State of Maine, et al.*, 1:18-cv-00317-DBH (D. Me. 2018), ECF No. 13. Since the Magistrate Judge's Recommended Decision was filed, this Court has dismissed another of Dresser's complaints for failure to prosecute, failure to comply with this Court's orders, and failure to inform the Court of his contact information. *See* R. & R. at 4, *Dresser v. Norms, et al.*, No. 1:18-cv-00426-DBH (D. Me. 2019), ECF No. 7.

Accordingly, Dresser is hereby cautioned that courts have the power to limit a person's ability to file documents with the court when that person has filed multiple "groundless" cases in the past. *Cok*, 985 F.2d at 35. Groundless cases include those that do not assert a claim within the court's subject matter jurisdiction (meaning that it is not the type of case that can be heard in federal court) or failure to state an actionable claim (meaning that the facts in the complaint do not describe a violation of the law). Any limitations that a court orders on a person's ability to file documents must be "narrowly drawn to counter the specific offending conduct." *Id.* at 36. Here, that may include an order by this Court requiring Dresser to obtain advance approval by a District Judge before filing a new case by showing that the proposed pleading is "sufficiently plain and definite to satisfy Rule 8 [of the Federal Rules of Civil Procedure] and to warrant a response." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge (ECF No. 8) is hereby **ACCEPTED**. The Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

**SO ORDERED.**

**Dated this 21st day of February, 2019.**

                                           **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**